ROBERT S. ORTOLEVA *et ux. vs.* ELIZABETH DI JESER *et al.*

JUNE 14, 1937.

PRESENT: Flynn, C. J., Moss, Baker and Condon, JJ.

Moss, J. The main case, above entitled, in which arose the special matter dealt with in this opinion, is a suit in equity which was brought in the superior court for the appointment of receivers of certain properties belonging, at the death of Sebastian H. Di Jeser, to him and Robert S. Ortoleva as partners in the real estate business. In that suit a decree was entered on July 21, 1931, appointing receivers and enjoining until further order of the court the foreclosure of any mortgage on any of such properties.

In a very recent opinion under the same title as the present one and reported in 58 R. I. 123, we decided a similar special matter arising in the same suit; and that opinion may be referred to for a fuller description of the suit and the parties thereto.

Among the properties for which the receivers were appointed therein, and which are still held by them, are certain parcels of real estate in the city of Providence in this state that were then and still are subject to a power of sale mortgage, held by The Prudential Insurance Company of America, a New Jersey corporation, and securing the payment of a promissory note made by the above-named Robert S. Ortoleva and Sebastian H. Di Jeser to that insurance company. This note was originally for, $23,000, but on May 12, 1936, when it had been in default for more than five years, the unpaid principal of it was $17,825 and the accrued and unpaid interest thereon was about $1000. The mortgagee had also paid city taxes on the mortgaged property, and the amount so paid for which it had not been reimbursed was, on May 12, 1936, about $1425.

On that date the mortgagee filed in the suit a petition praying, *inter alia,* that it be given leave to intervene and that the above-mentioned injunction be modified so as not to forbid the petitioner to foreclose the above-mentioned mortgage. This petition was opposed by the receivers and by the complainant Robert S. Ortoleva and by the respondent Elizabeth Di Jeser, individually and as administratrix of the estate of Sebastian H. Di Jeser, mainly on two grounds, namely, that the value of the mortgaged property above the amount secured by the mortgage was so great that it would be unfair to the other creditors of the former partners to allow the mortgage to be foreclosed at that time, and that, because there was no competitive bidding in the real estate market on foreclosure sales, the probable result of such a sale in the near future would be a loss to

both the mortgagor and the creditors, and therefore the petitioner was not entitled to leave to foreclose.

At the hearing in the superior court May 27-29, 1936, it was proved that besides the petitioner's mortgage securing the sums above mentioned, the property was subject to a second mortgage to another, securing principal and accrued interest to a total amount of more than $4000. Those opposed to the petition introduced evidence that quite probably there would be no competitive bidding at a foreclosure sale in the near future, owing to the depressed state of the real estate market. They also introduced the expert testimony of Robert S. Ortoleva that the mortgaged property had a market value of $30,200, and of another real estate dealer that it had a market value of $27,000. Two experts for the petitioner gave valuations of $20,000 and from $21,000 to $21,500, respectively.

After the hearing, the justice before whom it was held filed a decision in which he found that the fair valuation of the property was between $22,000 and $23,000, and that therefore there was no substantial equity of redemption in the property. He also held, in substance, that a probable absence of competitive bidding at a sale, with the probable result of an inadequate price, was not a ground upon which a court of equity, in the absence of an authorizing statute, had power to enjoin a foreclosure sale.

He therefore entered a final decree, granting the petitioner leave to intervene and leave to foreclose the mortgage, and vacating the previous interlocutory decree so far as it enjoined the foreclosure of such mortgage. It also provided that until the foreclosure of such mortgage should be completed, the receivers were ordered to pay over to the petitioner all rents collected by them from tenants of the mortgaged property. Before us it was asserted by the appellants, and apparently not denied by the petitioner, that such rents were being paid at a rate substantially more than sufficient to pay the interest on the principal of the mortgage and on the overdue and unpaid interest and

on the taxes which the petitioner had paid and for which it had not been reimbursed, and to pay the taxes as they came due. The receivers and the parties opposing the petition took two separate appeals from this final decree, and the matter is now before us on these appeals.

Among the reasons of appeal stated is that the superior court erred in holding that there was no equity in the mortgaged property to be protected. We are of the opinion that the finding of that court on that point was supported by the evidence, though we fail to see how a finding that there was an equity of redemption of substantial value in the property would be inconsistent with the decree as entered.

The other grounds of appeal are based purely on alleged errors of law by the superior court, and in our judgment they raise before us the same questions only as were raised before us in the above-mentioned similar matter arising in the same receivership suit, by appeals taken from a similar final decree or order granting the petition of Walter G. Everett for leave to intervene in the suit and foreclose a mortgage held by him.

We find no fact or facts in the record in the present matter which should prevent us from applying herein the same reasoning and reaching the same conclusions as are set forth in our above-mentioned opinion in that former matter; and we are convinced that our decision should be the same.

The appeals are denied and dismissed, the decree appealed from is affirmed, and the cause now before us is remanded to the superior court for further proceedings.

*Luigi De Pasquale, Philip S. Knauer, Jr.,* for receivers and mortgagors.

*Hinckley, Allen, Tillinghast & Wheeler, Roger T. Clapp, S. Everett Wilkins, Jr.,* for The Prudential Insurance Company of America.